IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JUDY KAY MISKELL,

        Plaintiff,

v.                                   Civil Action No. 3:12-CV-52
                                   (GROH)

CONRAD W. VARNER, ESQ.,

        Defendant.

## *ROSEBORO* NOTICE

On August 31, 2012, the above-named defendant filed a Motion to Dismiss [Doc. 9] the *pro se* plaintiff's Complaint [Doc. 1] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The Court notes that the plaintiff is proceeding *pro se*. The Court has a mandatory duty to advise the plaintiff of her right to file responsive material, and to alert her to the fact that her failure to so respond might result in the entry of an order of dismissal against her. **Davis v. Zahradrich**, 600 F.2d 458, 460 (4th Cir. 1979); **Roseboro v. Garrison**, 528 F2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

In ruling on a motion to dismiss under Rule 12(b)(2), this Court must determine whether or not a particular defendant may be dismissed from the lawsuit if personal jurisdiction over that defendant is absent. When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. **Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.**, 334 F.3d

390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993)). When, however, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989)). In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff. *Id.* (citing *Mylan Labs.,* 2 F.3d at 60).

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* **ESAB Group, Inc. v. Centricut, Inc.,** 126 F.3d 617, 622 (4th Cir.1997). Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. **Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,** 259 F.3d 209, 215 (4th Cir.2001).

With regard to the first requirement, "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. **In re Celotex Corp.,** 124 F.3d 619, 627-28 (4th Cir. 1997) (internal citations omitted). "Rather, the statutory inquiry necessarily merges with the Constitutional inquiry." *Id.*

A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the

defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." ***Int'l Shoe Co. v. Washington,*** 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit. If those contacts form the basis for the suit, they may establish "specific jurisdiction." In determining whether specific jurisdiction exists, the Court must consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." ***Carefirst,*** 334 F.3d at 397 (citing ***ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,*** 293 F.3d 707, 711–12 (4th Cir.2002), *cert. denied,* 537 U.S. 1105 (2003); ***Helicopteros Nacionales de Colombia, S.A. v. Hall,*** 466 U.S. 408, 414 & n. 8 (1984)). If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state. To establish general jurisdiction, the defendant's activities in the state must have been "continuous and systematic." ***Carefirst,*** *supra* at 397 (citing ***ALS Scan,*** 293 F.3d at 712; ***Helicopteros,*** 466 U.S. at 414 & n. 9).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. ***Advanced Health-Care Services, Inc. v. Radford Community Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). Further, dismissal for

failure to state a claim is properly granted where, assuming the facts alleged in the complaint are true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984); ***Conley v. Gibson***, 355 U.S.41, 45-46 (1957).

Within thirty (30) days of entry of this Order, the plaintiff shall file any opposition explaining why her case should not be dismissed. The plaintiff is further advised that she must serve the defendants with any response she files.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiff.

**DATED:** September 12, 2012.

*/s/ Gina M. Groh*
GINA M. GROH
UNITED STATES DISTRICT JUDGE